

The following constitutes
the order of the court. Signed March 08, 2011

_____
        Stephen L. Johnson
        U.S. Bankruptcy Judge
_____

UNITED STATES BANKRUPTCY COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re<br><br>BASILIO J. MOSQUEDA and ESTELLA MOSQUEDA,<br><br>    Debtors. | Case No. 09-61446-SLJ<br><br>Chapter 13 |
| BASILIO J. MOSQUEDA and ESTELLA MOSQUEDA,<br><br>    Plaintiffs,<br><br>v.<br><br>DEUTSCHE BANK NATIONAL TRUST COMPANY,<br><br>    Defendant. | Adversary No. 10-5306 |

**MEMORANDUM DECISION**

**I.    INTRODUCTION**

    On January 14, 2011, defendant Deutsche Bank National Trust Company ("Defendant" or "Deutsche Bank") filed a Motion to Dismiss First Amended Complaint (the "Motion"). Plaintiffs

MEMORANDUM DECISION     -1-

filed their opposition to the Motion (the "Opposition") on February 9, 2011, and Defendant filed its reply in support of the Motion (the "Reply") on February 17, 2011. The court heard oral argument on February 24, 2011, and took the matter under submission. For the following reasons, the court grants Defendant's Motion.

**II.    FACTS[1]**

   A.    Procedural History

Plaintiffs filed their original complaint on August 31, 2010, alleging Truth-in-Lending-Act ("TILA") violations, fraud, breach of fiduciary duty, and fiduciary elder abuse. On December 9, 2010, the Court granted Defendant's motion to dismiss. The TILA claim was dismissed with prejudice because Plaintiffs conceded it was barred by the applicable statute of limitation. The remaining causes of action were dismissed with leave to amend. The Court ordered Plaintiffs to file an amended complaint no later than January 3, 2011.

Plaintiffs timely filed their First Amended Complaint (the "FAC") on December 30, 2010. The FAC contains just two causes of action: (1) Fraud and (2) Declaratory Relief for Reformation of Contract. Defendant has moved to dismiss again.

   B.    Factual Allegations in First Amended Complaint[2]

Plaintiffs are individuals. Defendant is a corporation licensed to do business in California. In October 2005, Plaintiffs entered into a refinance loan transaction with First Mortgage Corporation ("FMC") in the amount of $370,000, secured by a deed of trust on Plaintiffs' residence (the "Loan"). On or about October 20, 2005, FMC's agents and/or representatives appeared at Plaintiffs' home and coerced Plaintiffs into signing the loan documents, representing that Plaintiffs were obtaining the best interest rate, and that increases on the loan payment interest rates would be rare and nominal.

The Loan was not a fixed rate obligation, but included substantial payment increases, and

---

[1] The following discussion constitutes the court's findings of fact and conclusions of law. Fed. R. Bankr. P. 7052(a).

[2] These allegations are taken from the FAC.

MEMORANDUM DECISION                                     -2-

therefore was not in the best interests of Plaintiffs. FMC and its agents/representatives falsified Plaintiffs' income and age information to get the Loan approved.

FMC sold, assigned, and/or transferred its rights under the Loan to Deutsche Bank.

## III. DISCUSSION

### A. Standard for Motion to Dismiss

Pursuant to Federal Rule of Civil Procedure 12(b)(6), which is incorporated by reference into Federal Rule of Bankruptcy Procedure 7012, a complaint may be dismissed if it fails to state a claim for relief. For purposes of evaluating a motion to dismiss, the court "must presume all factual allegations of the complaint to be true and draw all reasonable inferences in favor of the nonmoving party." *Usher v. City of Los Angeles,* 828 F.2d 556, 561 (9th Cir. 1987).

Two recent cases from the Supreme Court have discussed how courts should evaluate motions to dismiss. To sufficiently state a claim for relief and survive a motion to dismiss, the pleading "does not need detailed factual allegations" but the "factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007). Mere "labels and conclusions" or a "formulaic recitation of the elements of a cause of action will not do." *Id.* In other words, the "complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S. Ct. 1937, 1949 (2009) (internal citations omitted). The Ninth Circuit has summarized the governing standard, in light of *Twombly* and *Iqbal*, as follows: "[F]or a complaint to survive a motion to dismiss, the nonconclusory factual content, and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Serv.*, 572 F.3d 962, 969 (9th Cir. 2009).

When a plaintiff includes an allegation of fraud, it must be plead with particularity. Fed. R.Civ. P. 9(b)(incorporated by Bankruptcy Rule 7009). The complaint must establish "the who, what, when, where, and how" of the fraud. *Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1107 (9th Cir. 2003). A court may dismiss a claim grounded in fraud when its allegations fail to satisfy Rule 9(b)'s heightened pleading requirements. *Id.* at 1106.

MEMORANDUM DECISION -3-

B. The FAC Is Dismissed Because it Fails to State a Cause of Action under the Heightened Pleading Standards of Rule 9(b)

The elements of common law fraud are false misrepresentation, knowledge of its falsity, intent to defraud, justifiable reliance, and resulting damages. *Gil v. Bank of Am., Nat'l Ass'n*, 138 Cal.App.4th 1371, 1381 (2006). The Ninth Circuit has consistently held that the heightened pleading standards of Rule 9(b) require that any complaint identify the parties to any such fraud or misrepresentation. *Swartz v. KPMG LLP,* 476 F.3d 756, 764 (9th Cir. 2007), citing *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004); *see also Montoya v. Countrywide Bank*, 2009 WL 1813973 (N.D.Cal. 2009).

The fraud cause of action alleges that Deutsche Bank's predecessor FMC– and its agents/representatives – misrepresented the terms of the loan which Plaintiffs relied upon when they entered into the loan transaction. Plaintiffs did not allege the names of the persons who made those fraudulent misrepresentations and conceded at the hearing that they do not know the identities of these individuals.[3] Rather, Plaintiffs rely on a blanket assertion that anyone making those misrepresentations was Deutsche Bank's "predecessor[ ], agent[ ], and/or representative[ ]." This fails to meet the standard in the Ninth Circuit. The fraud cause of action is fatally flawed and cannot be cured by another opportunity to amend.

In the second cause of action, Plaintiffs request declaratory relief for reformation of contract on the grounds that Plaintiffs were fraudulently induced to enter into the loan by agents or representatives of Defendant's predecessor, pursuant to California Commercial Code § 3305(a). Declaratory relief is a remedy, not a cause of action. *See Stock West, Inc. v. Confederated Tribes of Colville Reservation*, 873 F.2d 1221 (9th Cir. 1989); *Serrano v. Security Nat'l Mortgage Co.,* 2009 WL 2524528, *6 (S.D.Cal. 2009). Nevertheless, Plaintiffs appear to claim fraud in the inducement against FMC, thereby triggering the defenses available in § 3305(a) against Deutsche, who is the current holder of the note. The heightened pleading standards of Rule 9(b) applies to all

---

[3] Plaintiffs suggested at the hearing on the motion to dismiss that this information might come from discovery in the case. The case has been pending since August 31, 2010. If those identities could be ascertained the court concludes depositions should have been taken before now.

MEMORANDUM DECISION -4-

actions sounding in fraud. *See Romero v. Countrywide Bank, N.A.*, 2010 WL 2985539, *15 (N.D. Cal. 2010). Therefore, both causes of action are dismissed on this ground.

### C. The FAC is Barred by the Statute of Limitations

Both causes of action in the FAC are barred by the statute of limitations. Plaintiffs refinanced their home on or about October 20, 2005. They filed their bankruptcy petition on December 31, 2009. The limitation period for a fraud case is three years in California. Cal. Code Civ. Proc. 338. The initial complaint was filed on August 31, 2010. The complaint is time-barred.

Plaintiffs assert in their Opposition that the Complaint was timely filed because Plaintiffs did not discover the fraud until some time after the loan transaction. They rely on California Code of Civil Procedure § 338(d), which extends the limitations period on a fraud claim when a plaintiff was delayed in discovering the fraud.

In order to rely on the discovery rule for delayed accrual of a cause of action, a plaintiff "must specifically plead facts to show (1) the time and manner of discovery and (2) the inability to have made earlier discovery despite reasonable diligence." *Espinoza v. Reconstruct Co., N.A.*, 2010 WL 1568551, *4 (S.D. Cal. 2010). "In order to adequately allege facts supporting a theory of delayed discovery, the plaintiff must plead that, despite diligent investigation of the circumstances of the injury, he or she could not have reasonably discovered facts supporting the cause of action within the applicable statute of limitations period." *Fox v. Ethicon Endo-Surgery, Inc.*, 35 Cal. 4th 797, 808 (2005).

The FAC makes no allegations regarding delayed discovery. Based on the FAC, the court can only guess at when Plaintiffs became aware of their claims. At the hearing on the Motion Plaintiffs asserted they did not discover the fraud until the time when the monthly payments on the loan increased for a second time, the exact date of which is unclear. They conceded at oral argument, however, that they received the notice required by federal law disclosing the adjustable rate features of their Loan when they executed it.

Plaintiffs admit receiving notices required by federal law and failing to act on them. Plaintiffs cannot rely on a rule of delayed discovery because they admit failing to act diligently

MEMORANDUM DECISION -5-

and because they make no factual allegations to support such a claim in the FAC.

### D. The FAC Fails to State a Fraud Cause of Action as to Deutsche Bank

Additionally, the fraud cause of action does not state a claim against Deutsche Bank. The allegations refer only to FMC and its representatives/agents. But FMC is not the same entity as Deutsche Bank. FAC made the loan and Deutsche Bank is its successor. Deutsche Bank was not involved in the original loan transaction and the FAC makes no allegations on that point.

A corporation which purchases or otherwise acquires the assets of another corporation generally is not liable for torts committed prior to the acquisition. *Fisher v. Allis-Chalmers Corp. Prod. Liability Trust*, 95 Cal. App. 4th 1182, 1188 (2002). Plaintiffs do not allege any basis for holding Defendant liable for FMC's alleged fraud. The court raised this issue at the hearing on Defendant's motion to dismiss the original complaint. Yet the FAC still fails to allege how Deutsche Bank can be liable for the fraud of the brokers, agents, or representatives of FMC.

At oral argument, Plaintiffs appeared to abandon the fraud cause of action and asserted they are not seeking any affirmative relief for fraud but are only raising fraud as a defense to Defendant's enforcement of the loan, pursuant to California Commercial Code § 3305(a)(1), which states:

> The right to enforce the obligation of a party to pay an instrument is subject to all of the following:
>
> (1) A defense of the obligor based on . . .
>
> (C) fraud that induced the obligor to sign the instrument <u>with neither knowledge nor reasonable opportunity to learn of its character</u> or its essential terms . . .

Cal. Comm. Code § 3305(a)(1) (emphasis added). This section also applies to the right of a holder in due course to enforce the obligation of a party to pay an instrument. Cal. Comm. Code § 3305(b). Although Plaintiffs plead this provision in the second cause of action, they did not plead that they were without knowledge of the essential terms of the fraud. Cal. Comm. Code § 3305(a)(1)(C). As discussed above, this cause of action also suffers from the failure to plead the underlying fraud claim with specificity and the elements of the discovery rule.

MEMORANDUM DECISION -6-

## IV. CONCLUSION

The Court grants Defendant's motion to dismiss Plaintiffs' First Amended Complaint with prejudice. The Temporary Restraining Order is terminated. Defendant shall upload an order dismissing this proceeding in the court's ECF system.

** END OF ORDER **

<u>Court Service List</u> [by mail and ECF]

Loraine L. Pedowitz
Allen Matkins Leck Gamble Mallory & Natsis
515 South Figueroa St., 9th Fl.
Los Angeles, CA 90071-3309

Sam Taherian
The Fuller Law Firm
60 N. Keeble Ave.
San Jose, CA 95126